IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANEEN ARBLE,

      Plaintiff,

v.                                   No. 10-CV-00147 WJ/WDS

STATE FARM MUTUAL INS. CO,
a foreign corporation doing business in
New Mexico

      Defendant.

## JOINT MOTION TO VACATE AND RESCHEDULE SETTLEMENT CONFERENCE

COMES NOW Defendant State Farm Mutual Automobile Insurance Company, by and through its attorneys, Guebert Bruckner P.C. (Terry R. Guebert, Christopher J. DeLara and Sandra A. Slattery), and Plaintiff Janeen Arble, by and through her attorneys Gonzales & Pizzonia, L.L.C. (Justin P. Pizzonia), and move the Court for an order vacating and rescheduling the settlement conference set by Judge Schneider for August 5, 2010, at 9:00 a.m., by Order dated May 13, 2010 [Doc. 12] and as grounds therefore state:

    1.     On May 13, 2010, the Court entered its Order Setting Settlement Conference [Doc. 12] and scheduled a settlement conference in this matter for August 5, 2010 beginning at 9:00 a.m.

    2.     The parties are in the process of conducting discovery, and do not believe they are ready to proceed with the settlement conference as scheduled.

    3.     The parties request that the settlement conference as currently scheduled be reset for sometime in late September or early October 2010.

4. This Court has previously found it is appropriate to vacate settlement conferences set before the Court when proceeding with the conference will waste judicial resources. In *Layman v. City of Albuquerque,* Civil No. 04-778 MV/LFG, a case pending before Judge Vasquez, the Court addressed the City of Albuquerque's policy of not considering settlement in any police misconduct case and the City of Albuquerque's decision to decline to participate in a Court ordered settlement conference. In an opinion granting a Motion to Vacate the Court ordered settlement conference, Judge Garcia wrote,

> A court may not coerce settlement, Kothe v. Smith, 771 F.2d 667, 669 (2d Cir. 1985). Nor is the purpose of Rule 16 to impose settlement negotiations on unwilling litigants. Fed.R.Civ.P. 16 Advisory Committee Notes (1983)(while it is believed that providing a neutral forum for discussion may foster settlement, the Rule does not make settlement conferences mandatory because it would be a waste of time in many cases).
>
> [W]hile the Court questions the wisdom of [the City of Albuquerque's] "do not settle" policy, it is still the right of a party to decline settlement and proceed to litigation. Domann v. Vigil, 99-192 LH/JHG (D.N.M. July 6, 2000). *Compelling the parties to attend a settlement conference under the circumstances that exist would be a waste of judicial resources, counsel's time and litigant's money*.

*Layman v. City of Albuquerque,* 04-778 MV/LFG (March 8, 2005)[Doc. 16] (emphasis added).

5. Because the parties are not prepared for settlement discussions on August 5, 2010, the parties believe proceeding as currently scheduled will waste judicial resources.

6. The parties respectfully request an order from the Court vacating the settlement conference scheduled for August 5, 2010, and rescheduling the conference in late September or early October.

7. Counsel for the parties concur in this motion.

2

WHEREFORE, Plaintiff and Defendant respectfully request this Court vacate the August 5, 2010, scheduling conference, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

GUEBERT BRUCKNER P.C.


By   /s/   Christopher J. DeLara
       Terry R. Guebert
       Christopher J. DeLara
       P.O. Box 93880
       Albuquerque, NM  87199-3880
       (505) 823-2300
       *Attorneys for Defendant State Farm*



GONZALEZ & PIZZONIA LLC


By *Approved via e-mail on July 28, 2010*
       Justin P. Pizzonia
       1216 5th St. NW
       Albuquerque, NM 87102
       (505) 999-1080

        And

       Gene Chavez
       Chavez Law Offices, P.A.
       1220 5th St. NW
       Albuquerque, NM 87102

       *Attorneys for Plaintiff*

I HEREBY CERTIFY that on the 28th day of July, 2010, I filed the foregoing Motion electronically through the CM/ECF system, which caused the following Parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gene Chavez, Esq.
gene@chavezlawoffices.com

Justin P. Pizzonia, Esq.
justinpizzonia@hotmail.com

*Attorneys for Plaintiff*

/s/   Christopher J. DeLara
Terry R. Guebert
Christopher J. DeLara
*Attorneys for Defendants*

F:\Clients\0101.875bf\Pleadings\Motion to vacate settlement conference/dt