# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JANEEN ARBLE,

    Plaintiff,

v.                                                                            No.  CV-10-147 WJ/WDS

STATE FARM MUTUAL INS. CO.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS ROB PAINTER
## and
## REFERRING MATTER TO MAGISTRATE JUDGE TO REOPEN DISCOVERY FOR LIMITED PURPOSE

THIS MATTER comes before the Court upon Defendant State Farm Mutual Automobile Insurance Company's Motion to Strike Plaintiff's Expert Witness Rob Painter, filed November 23, 2010 (**Doc. 55**). Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and will be denied.

### Background

In the underlying case, in February 2009, Plaintiff's vehicle was stolen from the airport parking lot and taken to another place where it was burned. Plaintiff alleges that his insurer (the Defendant) has refused to pay all or part of Plaintiff's losses. Plaintiff filed the complaint in Second Judicial District Court, Bernalillo County, and Defendant removed the case to federal court. The Complaint alleges breach of contract, insurance bad faith, breach of Unfair Trade & Practices, and seeks declaratory judgment.

Defendant State Farm moves to strike the testimony of Rob Painter, Plaintiff's expert, on

Rule 26(a) grounds, claiming that Plaintiff failed to timely disclose Painter, and also that the disclosure in the form of Painter's affidavit does not meet the Rule's requirements. Plaintiff contends that Rule 26 does not apply to Mr. Painter.

## Discussion

Rule 26(a)(2) of the Federal Rules of Civil Procedure states in relevant part:

(2) Disclosure of Expert Testimony

(A) In General: In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness *it may use at trial* to present evidence under Federal Rule of Evidence 702, 703, or 705. [emphasis added].

(B) Written Report: Unless otherwise stipulated or ordered by the court, *this disclosure* must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as party's employee regularly involve giving expert testimony…"

Fed. R. Civ. Proc. 26(a)(2)(A)-(B) (emphasis added).

Under the Court's initial scheduling order (Doc. 11), Plaintiff's experts were to be disclosed by July 6, 2010 and Defendant's experts by August 5, 2010. Discovery was to be completed by October 14, 2010, and pretrial motions by November 22, 2010.

On August 5, 2010, Defendant disclosed its expert Michael Hearrold. Doc. 18. The Court subsequently entered an Order extending the discovery deadline to October 18, 2010, and the pretrial motions deadline to October 28, 2010 (Doc. 67). No other deadlines were extended in that Order.

On November 22, 2010, Plaintiff filed a motion in limine to exclude Mr. Hearrold's testimony. Plaintiff "disclosed" her expert witness, Rob Painter, for the first time in that motion. Doc. 53, ¶ 5. Plaintiff's motion to exclude Mr. Hearrold is based entirely on Mr. Painter's Affidavit, which lists Mr. Painter's opinions as to Mr. Hearrold's methodology and findings.

Doc. 53-2.

It appears that Plaintiff's disclosure of Mr. Painter is untimely under the Court's Scheduling Orders and also that Mr. Painter's Affidavit does not comply with Rule 26(a) disclosure requirements regarding expert testimony.  However, Plaintiff argues that she does not need to disclose Mr. Painter or provide an expert report pursuant to Rule 26(a) because she only intends to use Mr. Painter to challenge the methodology and qualifications of Defendant's expert Mr. Hearrold under *Daubert* and the Federal Rules of Evidence. Mr. Painter will not testify at trial or any other hearing except for a *Daubert* hearing.

Plaintiff urges the Court to follow the "plain meaning" of Rule 26(a)(2)(B) in that the requirement of a report is required only where the disclosed expert may be used at trial, under the express language of Rule 26(a)(2)(A). Thus, Plaintiff argues, a report is not required here, where Plaintiff does not intend to have Mr. Painter testify at trial.  The "plain meaning" approach does support Plaintiff's position.  Defendant argues that Rule 26(a)(2)(B) nevertheless requires submission of a written report "if the witness is one retained or specially employed to provide expert testimony in the case. . . ."  This category would seem to include Mr. Painter. However, under a plain reading of subsection (B), the "written report" is meant to accompany the "disclosure" described in subsection (A) – which applies only to a witness a party "may use at trial to present evidence."  Even subsections (C) and (D) – which address the submissions that must be made by witnesses who do not provide a written report, and the deadlines for supplemental disclosures – appear to be restricted to "disclosures" described in subsection (A). Since Rule 26(a)(2)(A) does not apply to Mr. Painter because he will not testify at trial, then neither does the Rule's requirement for submission of a written report under subsection (B). Thus, Plaintiff's argument has merit in that Rule 26(a)(2) does not apply to Mr. Painter if

3

Plaintiff will not be using his testimony at trial.

Plaintiff may have avoided Rule 26(a)'s requirement for disclosure of experts, but the Court does not intend to proceed with a *Daubert* challenge where both parties are not on even playing ground. Defendant has timely complied with the requirements of Rule 26(a), and should not suffer the disadvantage of unfair surprise due to a loophole which Plaintiff has found in Rule 26(a)(2)(A).[1] Defendant should have an opportunity, if it wishes, to depose Plaintiff's expert in order to face a *Daubert* challenge more fairly. Understandably, Defendant may not wish to defend its own expert without being able to first explore the basis for the challenges posed by Plaintiff's expert. I do not consider this allowance to be inconsistent with the spirit behind the Federal Rules of Civil Procedure, which is that the rules be "construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.

This spirit is at work behind the court's decision in one of the cases relied on by Plaintiff, where the Third Circuit found that the district court had not abused its discretion in allowing testimony of undisclosed defense experts at a *Daubert* hearing. These experts had provided affidavits to plaintiffs, but had not been deposed. *In Re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717 (3d Cir. 1994). The Third Circuit's ruling was based partly on the wording of the district court order requiring disclosure of trial expert witnesses, and also on other considerations which were specific to that case. Defendants had submitted their experts' affidavits four weeks prior to the *Daubert* hearing so that plaintiff had some time to prepare for the testimony of those experts.

---

[1] The advantages of such a "loophole" are dubious. For example, should Plaintiff's *Daubert* challenge against Defendant's expert be unsuccessful, Plaintiff would be facing a trial at which Defendant's expert, but not Mr. Painter, will be allowed to testify.

4

Plaintiffs were also given considerable leeway at the *in limine* hearing so that they could consult with their own experts regarding any new arguments presented by the defense experts. However, despite its ruling in favor of defendants, the Third Circuit made it clear that it was nevertheless in favor of mutual disclosure of experts before those experts testify at a *Daubert* hearing:

> The district court certainly had the power to provide that the experts who were to testify at the in limine hearing be subject to discovery.  And we generally agree . . . that because under Daubert a judge at an in limine hearing must make findings of fact on the reliability of complicated scientific methodologies and this fact-finding can decide the case, it is important that each side have an opportunity to depose the other side's experts in order to develop strong critiques and defenses of their expert's methodologies. . . . Given the "liberal thrust" of the federal rules, *see Daubert*, 509 U.S. at ----, 113 S.Ct. at 2794 (internal quotation omitted), it is particularly important that the side trying to defend the admissibility of evidence be given an adequate chance to do so. Moreover, fairness suggests that each side should have an equal opportunity to depose the other side's experts.

*In re Paoli*, 35 F.3d at 739.

In this case, Plaintiff has had time to prepare an attack on Defendant's automobile forensic expert since Mr. Hearrold was disclosed, on August 5, 2010.  Defendant, however, has had no time prepare and has no available recourse to it because the discovery deadline has already expired.  The only fair thing to do at this point is to refer this case to Magistrate Judge Daniel Schneider to reopen discovery for the limited purpose of allowing Defendant to depose Mr. Painter if it wishes, and to provide Defendant with a reasonable amount of time in which to do so.

Mr. Painter's testimony for purposes of *Daubert* will of course be limited to the subject matter of the Affidavit that was provided to Defendant as an exhibit to Plaintiff's motion to exclude Mr. Hearrold. Doc. 53-2. *Cmp.*, *Quillin v. Easton Sports, Inc.*, unpubl. opin., 2005 WL 3560641,4 (E.D. Tenn. 2005) (finding expert's affidavit lacking in thoroughness, but allowing

that expert's testimony to be limited to the affidavit's subject matter).  The Court also states the obvious in ruling that Mr. Painter's testimony will not be admissible for any purpose other than for the *Daubert* inquiry, meaning that Mr. Painter will be excluded from testifying at trial.

## Conclusion

In sum, the Court finds and concludes that, based on Plaintiff's representation that Mr. Painter will not testify at trial or any other hearing except for a *Daubert* hearing, Mr. Painter need not have been disclosed under Rule 26(a)(2)(A) and thus he was also not required to submit an expert report under Rule 26(a)(2)(B).  However, Rule 26(a) clearly would have required disclosure as well as an expert report if Mr. Painter was going to testify at trial.  Thus, Mr. Painter's testimony shall be limited solely to testifying for *Daubert* purposes and also limited to the subject matter of the affidavit.

In addition, the discovery deadlines may be reopened for the limited purpose of allowing Defendant to depose Mr. Painter if it so wishes.

**THEREFORE,**

**IT IS ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion to Strike Plaintiff's Expert Witness Rob Painter **(Doc. 55)** is hereby DENIED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that this case is REFERRED to Magistrate Judge Schneider to REOPEN DISCOVERY for the limited purpose of allowing Defendant to depose Mr. Painter, should Defendant wish to do so;

**IT IS FINALLY ORDERED** that Mr. Painter's testimony SHALL NOT BE ADMISSIBLE FOR ANY PURPOSE OTHER THAN FOR A *DAUBERT* INQUIRY, meaning that Mr. Painter will be excluded from testifying at trial, based on Plaintiff's failure to disclose

Mr. Painter under Rule 26(a)(2)(A) and failing to submit an expert report under Rule 26(a)(2)(B).

_____
UNITED STATES DISTRICT JUDGE